# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KRITZIA GOMEZ,<br><br>  Plaintiff<br><br>v.<br><br>FLEETCOR TECHNOLOGIES OPERATING COMPANY, LLC,<br><br>  Defendant | CIVIL ACTION FILE NO. |

## COMPLAINT

Plaintiff KRITZIA GOMEZ brings this Complaint for damages and other relief against Defendant FLEETCOR TECHNOLOGIES OPERATING COMPANY, LLC and alleges as follows.

## INTRODUCTION

This is an action for unpaid wages pursuant to § 216(b) of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

1

## PARTIES

1. Plaintiff KRITZIA GOMEZ ("Plaintiff" or "Gomez") is a citizen of Georgia and resides in Atlanta, Georgia.

2. Defendant FLEETCOR TECHNOLOGIES OPERATING COMPANY, LLC ("FleetCor") is a Georgia limited liability company.

3. FleetCor's principle office is located at 5445 Triangle Parkway, Suite 400, Norcross, Georgia, 30092.

4. FleetCor may be served with process by delivering a copy of the Summons and Complaint to its Registered Agent, Corporation Service Company, located at 40 Technology Parkway South, Suite 300, Norcross, Georgia, 30092.

## JURISDICTION

5. The Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, because Plaintiff's claims raise a question of federal law.

## VENUE

6. Under 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within the Northern District of Georgia.

7. Pursuant to Local Rule 3.1(B)(1)(a) and § 1391(d), venue is proper in the Atlanta Division, because Defendant resides in Gwinnett County.

## COUNT 1
## REFUSAL TO PAY OVERTIME

8. Plaintiff restates and incorporates into this count all previous allegations.

### COVERAGE

9. Plaintiff worked as an employee of Defendant FleetCor from June 29, 2015 to January 1, 2016.

10. While working for FleetCor, Plaintiff was engaged in interstate commerce and/or in the production of goods for commerce.

11. Defendant qualifies as an "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

12. Plaintiff was an "employee" within the meaning of the FLSA. 29 U.S.C. § 203(e).

13. In the three years prior to the filing of this Complaint, FleetCor has been and continues to be engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA.

14. In the three years prior to the filing of this Complaint, FleetCor has been and continues to be an "employer" within the meaning of the FLSA.

15. In the three years prior to the filing of this complaint, FleetCor has employed one or more individuals who handled materials that traveled in interstate commerce.

16. FleetCor provides fuel cards and workforce payment products to businesses, commercial fleets, oil companies, petroleum marketers, and government entities throughout the United States.

17. In each of the three years prior to the filing of this complaint, FleetCor has had an annual gross volume of sales made or business done in excess of $500,000.

18. FleetCor's annual gross volume of sales made or business done in the current calendar year will exceed $500,000.

19. FleetCor is a wholly owned subsidiary of a publicly traded company, Fleetcor Technologies Inc. (symbol FLT) that has annual revenues that exceed $500,000.00 per annum.

## OVERTIME WORKED

20. At all times relevant to this Complaint, Gomez worked for FleetCor as inside sales representative from within FleetCor's office in Norcross, Georgia.

21. FleetCor paid Gomez an hourly rate equivalent to $35,000 per year in addition to commissions based on her sales numbers.

22. FleetCor represented to Gomez that her regular schedule was forty (40) hours per week.

23. At the start of her employment, Gomez's required schedule was five days per week, Monday through Friday, from 8:00 AM to 5:00 PM. At some point later, her schedule was changed to 8:30 AM to 5:30 PM.

24. Gomez was also permitted to take an hour for lunch.

25. Throughout her employment, Gomez was generally in the habit of coming to work early, working through lunch, and staying at work late.

26. Gomez regularly worked a substantial number of hours in excess of 40 hours per week.

## REFUSAL TO PAY

27. FleetCor knew that Gomez was working more than 40 hours per week.

28. FleetCor through its managers encouraged Gomez to continue working more than 40 hours per week.

29. FleetCor's managers could readily observe that Gomez was working overtime within the offices of FleetCor.

30. While working at FleetCor, Gomez regularly accessed electronic and computer systems, telephone, and e-mails, and security systems.

31. Gomez's access of these systems created data that would, if produced, help determine with reasonable precision the hours that she worked.

32. However, FleetCor did not accurately record Gomez's hours.

33. FleetCor used a paper-based time tracking system.

34. Gomez was required to fill in blank spaces on timesheets provided by FleetCor.

35. However, Gomez's managers instructed her not to record the true number of hours she worked on the paper timesheets.

36. Gomez's managers instructed her to place eight (8) hours per day on her timesheet, regardless of the number of hours Gomez actually worked. Gomez nevertheless recorded her true time, but manager never approved her true hour for submission.

37. At some point during Gomez's employment FleetCor changed over to and electronic time tracking system. However, Gomez's managers continued to instruct her not to record the true number of hours she worked.

38. On several occasions, Gomez was marked sick and/or absent when she was actually working at FleetCor's office.

39. FleetCor also did not pay Gomez her full bonus.

40. In addition, FleetCor did not pay Ms. Gomez's sick and vacations days as promised.

41. When Gomez inquired about her bonus, FleetCor never gave her any explanation as to how her bonus was calculated.

42. FleetCor knew that Gomez did not meet or satisfy any exemption under the FLSA.

43. Gomez did not supervise two or more full time employees,

44. Gomez did not meet the executive exemption.

45. Gomez's primary job duties did not involve the exercise of independent discretion and judgment in matters of significance.

46. Gomez worked in the production aspect of FleetCor's business.

47. Gomez worked on selling FleetCor's products.

48. Gomez's sales process followed established scripts.

49. Gomez did not meet the administrative exemption.

50. FleetCor refused to pay Gomez for her overtime.

51. FleetCor violated the FLSA when it refused to pay Gomez for her overtime.

52. Because of FleetCor's refusal to pay Gomez overtime, Gomez has suffered lost wages.

53. FleetCor did not make a good faith effort to comply with the FLSA.

54. FleetCor is liable to Gomez for liquidated damages.

55. FleetCor has also violated the record keeping provision of the FLSA.

## COUNT 2
## BREACH OF CONTRACT

56. Plaintiff restates and incorporates into this count all previous allegations.

57. FleetCor and Gomez entered into an oral contract concerning her commissions ("Commission Agreement").

58. The Commission Agreement may also have been memorialized, in whole or in part, in writing.

59. Under the terms of the Commission Agreement, FleetCor promised Gomez that she would be paid commissions at a rate of 12 cents per gallon on gas cards by Gomez's customers.

60. FleetCor refused to pay Gomez her commissions at the rate of 12 cents per gallon.

61. FleetCor breached the Commission Agreement.

62. As a result of FleetCor's breach, Gomez has been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

Based on the allegations set forth in this Complaint, and the evidence as it is developed in this case, Plaintiff respectfully prays that:

(a) A declaratory judgment against the Defendant that it violated the FLSA;

(b) A declaration that the violation was willful;

(c) A monetary judgment jointly and severally against the Defendants, including:

  i) Unpaid wages and overtime,

  ii) Liquidated damages,

        iii)     Damages for breach of contract,

        iv)     Reasonable costs and attorney fees, and

        v)     Prejudgment interest;

(d)    Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38, Plaintiff demands a jury trial on all issues triable by a jury.

Respectfully submitted: March 13, 2017.

| | |
|---|---|
| **MAYS & KERR, LLC**<br>235 Peachtree St NE \| Suite 202<br>Atlanta, GA 30303<br>T: (404) 410 – 7998<br>F: (877) 813 – 1845 | /s/ James Craig<br>James Craig<br>Georgia Bar No. 940586<br>james@maysandkerr.com<br><br>Counsel for the Plaintiff |